UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONY INSURANCE COMPANY, | Civil Action No. |
| Plaintiffs, | **COMPLAINT** |
| - against – | |
| ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Colony Insurance Company ("Colony" or "plaintiff"), by its attorneys Traub Lieberman Straus & Shrewsberry LLP, for its Complaint for Declaratory Judgment against defendant, state as follows:

### NATURE OF ACTION, JURISDICTION AND PARTIES

1. This action is brought under Section 1332 of Title 28, United States Code, seeking this Court's determination concerning the respective rights and obligations of the parties under insurance policies issued by defendant Zurich American Insurance Company ("Zurich") to ZDG, LLC ("ZDG"), including a declaration that Zurich has an obligation to defend and indemnify Triad Master, LLC (Triad), 503 Fulton Street Condominium ("503 Fulton"), United American Land, LLC ("United") and Triad Resi, LLC ("Triad Resi") (collectively "the Triad parties"), in an underlying lawsuit.

2. Colony is a Virginia insurance company (not an LLC) with its principal place of business in Virginia.

3. Zurich is an Illinois corporation with a principal place of business in Schaumburg, Illinois and issues insurance policies in the State of New York.

4. The amount in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs.

5. This is an action between citizens of different states and diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. §1391 as one or more defendants reside in this judicial district or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. §2201.

## BACKGROUND FACTS

**Singh Action**

8. Paramjit Singh commenced a suit against Triad Masters in the Supreme Court of the State of New York, County of New York, entitled *Singh v. Triad Masters*, Index No. 155273/2020 ("Singh Action"). A copy of the complaint in the Singh Action is annexed hereto as Exhibit A.

9. Mr. Singh filed an amended complaint on or about September 23, 2019 in which he added 503 Fulton Street Condominium, United American Land, LLC, Triad Resi, LLC, and ZDG, LLC as defendants to the Singh Action. A copy of the amended complaint in the Singh Action is annexed hereto as Exhibit B.

10. In the Singh Action, plaintiff seeks recovery for injuries he allegedly sustained on April 17, 2017 while working at 234-241 Duffield Street, Brooklyn, New York (the "Premises") when he fell from a ladder. Exhibit B, at ¶21.

11. In the Singh Action, plaintiff alleges that his injuries were caused by the negligence, recklessness and carelessness of each of the defendants in their ownership, management,

maintenance, control and supervision of the subject premises and the construction work being done there, and that the defendants allowed the plaintiff to work in an unsafe workplace and failed to take suitable precautions for the safety of persons lawfully in the premises.

12.     In their answer to the amended complaint in the Singh Action, the Triad parties asserted a cross-claim against ZDG alleging that any damages suffered by plaintiff were caused by ZDG's negligence, and/or breach of contract and, as a result, the Triad parties were entitled to contribution and indemnification from ZDG. Exhibit C.

13.     In the Triad parties' cross-claim against ZDG, they also alleged that any damages suffered by plaintiff were caused entirely by ZDG's primary negligence and that the Triad parties are entitled to complete indemnity over and against ZDG for any amounts plaintiff may recover.

14.     Thereafter, on January 24, 2020, the Triad parties also commenced a third-party action against ZDG on January 24, 2020 ("the third-party action"). Exhibit D.

15.     In the third-party action, the Triad parties again asserted that any damages suffered by plaintiff were caused entirely by ZDG's primary negligence and that the Triad parties are entitled to complete indemnity over and against ZDG for any amounts plaintiff may recover.

16.     The Triad parties also alleged in the third-party action that ZDG breached an agreement to provide the Triad parties with insurance coverage for liability from lawsuits such as the Singh Action.

**The Colony Policy**

17.     Colony issued Commercial General Liability policy 103 GL 0004530-00 to the Triad Parties for the policy period of June 7, 2014 to June 7, 2017 (the "Colony Policy"). A copy of the Colony policy is annexed hereto as Exhibit E.

18.     Colony is providing the Triad parties with a defense in the Singh Action, subject to a reservation of rights.

19. The Colony Policy provides, in pertinent part, as follows:

> This insurance is excess over:
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

Exhibit E, at 19 of 63.

**The Zurich Policy**

20. Zurich issued primary general liability policy number GLO 6726025-06 to ZDG for the policy period of February 1, 2017 to February 1, 2018 (the "Zurich Policy").

21. The Zurich Policy was in full force and effect on the date of the accident alleged in the Singh Action.

22. The Zurich Policy applies to the allegations of the complaint in the Singh Action.

23. The Zurich Policy contains the following Additional Insured endorsement:

> This endorsement modifies insurance provided under the:
>
> Commercial General Liability Coverage Part
>
> Name of Additional Insured Person(s) or Organization(s)
>
> Any person or organization with whom you have agreed, through written contract, agreement or permit, executed prior to the loss, to provide additional insurance coverage
>
> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule of this endorsement, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part by:
>
> 1. Your acts or omissions; or
>
> 2. The acts omissions of those acting on your behalf;
>
> In the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard" for the additional insured(s) at the Location(s) designated above.

However,

1. The Insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a written contract or written agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insured(s) shown in the Schedule of this endorsement the following additional exclusion applies:

This insurance does not apply to: "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional architectural, engineering or surveying services including:

a. The preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

b. Supervisory, inspection, architectural or engineering activities. This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

24. The Zurich Policy contains the following endorsement with respect to Triad:

Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization

This endorsement modifies insurance provided under the:

Commercial General Liability Coverage Part

| Name of Additional Insured Person(s) or Organization(s): | Location(s) of Covered Operations |
|---|---|
| Triad Master LLC 430 W. Broadway | 502-513 Fulton St (AKA 236 248 Duffield St) |

| New York, NY 10012 | Brooklyn, NY 11201<br>401-403, 405, 407, 409 &<br>411 Bridge St<br>Brooklyn, NY 11201 |
|---|---|
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

    A.    Section II – Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1)    Your acts or omissions; or
        2)    The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

    B.    With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
This insurance does not apply to "bodily injury" or "property damage" occurring after:

        1)    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

        2)    That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

25.    The Zurich Policy contains the following endorsement with respect to United:

Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization
This endorsement modifies insurance provided under the:

Commercial General Liability Coverage Part

| Name of Additional Insured Person(s) or Organization(s): | Location(s) of Covered Operations |
|---|---|
| United American Land Co, LLC<br>430 W. Broadway<br>New York, NY 10012 | 502-513 Fulton St (AKA 236 248 Duffield St)<br>Brooklyn, NY 11201<br>401-403, 405, 407, 409 & 411 Bridge St<br>Brooklyn, NY 11201 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

    A.    Section II – Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1)    Your acts or omissions; or
        2)    The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

    B.    With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

    This insurance does not apply to "bodily injury" or "property damage" occurring after:

        1)    All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

        2)    That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

26.    The Zurich Policy contains the following endorsement with respect to 503 Fulton:

Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization

This endorsement modifies insurance provided under the:
Commercial General Liability Coverage Part

| Name of Additional Insured Person(s) or Organization(s): | Location(s) of Covered Operations |
|---|---|
| 503 Fulton Street Condominium<br>430 W. Broadway,<br>3rd Floor<br>New York, NY<br>10012 | 502-513 Fulton St<br>(AKA 236 248 Duffield St)<br>Brooklyn, NY 11201<br>401-403, 405, 407, 409 &<br>411 Bridge St<br>Brooklyn, NY 11201 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

A.  Section II – Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" cased, in whole or in part, by:

  1) Your acts or omissions; or
  2) The acts or omissions of those acting on your behalf;

  in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

B.  With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
  This insurance does not apply to "bodily injury" or "property damage" occurring after:

  1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

  2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or

> subcontractor engaged in performing operations for a principal as a part of the same project.

27. The Zurich Policy contains the following endorsement concerning priority of coverage:

> D. For purposes of the coverage provided by this endorsement:
> 1. The following is added to the Other Insurance Condition under Section IV – Commercial General Liability Conditions:
>
> Primary and Noncontributory Insurance
>
> This Insurance is primary to and will not seek contribution from any other insurance available to an additional insured under this endorsement provided that:
>
> a. The additional insured is a Named Insured under such other insurance; and
>
> b. You are required by a written contract or written agreement that this insurance be primary and not seek contribution from any other insurance available to the additional insured.
>
> 2. The following paragraph is added to Paragraph 4.b. of the Other Insurance Condition under Section IV – Commercial General Liability Conditions:
>
> This insurance is excess over:
>
> Any of the other insurance, whether primary, excess, contingent or on any other basis, available to an additional insured, in which the additional insured on our policy is also covered as an additional insured on another policy providing coverage for the same "occurrence", offense, claim or "suit". This provision does not apply to any policy in which the additional insured is a Named Insured on such other policy and where our policy is required by a written contract or written agreement to provide coverage to the additional insured on a primary and noncontributory basis.

**The Contracts**

28. Triad and ZDG entered into an Agreement for Construction Management Services ("Agreement") for work to be performed at the Premises. A copy of the Agreement is annexed hereto as Exhibit F.

29. The Agreement identifies "Triad Master LLC" as the "Owner."

30. The Agreement identifies ZDG as "Construction Manager."

31. Pursuant to the Agreement, ZDG was responsible for supervising, administering and managing the work performed on the subject premises. ZDG also agreed to perform the work through contractors or by ZDG itself in compliance with the contract and all applicable laws, regulations, rules, codes, ordinances, statutes and governmental or quasi-governmental orders.

32. The Agreement makes ZDG responsible for removing all garbage, tools, construction equipment, machinery, scaffolding and surplus materials from the subject premises.

33. The Agreement provides that ZDG is solely responsible for maintaining and enforcing the safety program for the construction work being performed on the premises. This includes requiring every contractor performing work on the premises to comply with the terms and conditions of the safety program.

34. Pursuant to Article 13 of the Agreement, ZDG is required, to the fullest extent permitted by law, to defend, indemnify, and hold harmless the Triad entities, their directors, officers, members, partners and employees, and all Additional Insureds listed in Exhibit E to the Agreement, from and against all claims, losses, liability, damages, costs and expenses to the extent arising in whole or in part from the breach of contract or negligent acts or omissions by ZDG, its agents, consultants, employees or representatives in connection with the Project. Exhibit F.

35. The Triad parties are listed as Additional Insureds in Exhibit E to the Agreement.

36. Pursuant to Exhibit D to the Agreement, ZDG is obligated, *inter alia*, to obtain commercial general liability insurance that includes the Triad parties, as well as their agents and employees as Additional Insureds on its commercial general liability coverage, on a primary, non-contributory basis. Exhibit F at 42.

**Tender Correspondence**

37. Colony tendered the Singh Action to ZDG, on behalf of the Triad entities, in correspondence dated August 5, 2019, August 26, 2019, October 1, 2019 and January 6, 2020, without any response. Exhibit G.

38. In correspondence dated February 8, 2022 and May 20, 2022, counsel for Colony reiterated the tender of the Singh Action to ZDG, on behalf of Colony. Exhibit H.

39. In an email dated May 20, 2022, counsel for ZDG provided counsel for Colony with a letter dated February 3, 2022, issued to defense counsel for the Triad entities, in which Zurich rejected the tender. Exhibit I.

40. In correspondence dated February 3, 2022, counsel for Zurich rejected the tender with respect to its Primary and Excess policies, on the grounds that the Triad entities did not qualify as additional insureds because there was no evidence that the injuries alleged in the Singh Action were caused, in whole or in part by ZDG's acts or omissions, or the acts or omissions of those acting on its behalf, in the performance of its ongoing operations, which were the subject of the written contract or written agreement. Exhibit I.

41. Zurich also rejected the tender on the ground that "there is no evidence of negligence on the part of ZDG or that the incident related in any way to the contracted scope of work." Exhibit I.

42. Zurich's tender declination also stated that there is no proof that the incident occurred in the course of ZDG's performance of the agreement with the Triad entities or was related to the performance thereof by it, or that the incident was caused by ZDG's negligence. Exhibit I.

43. To date, Zurich has not assumed the defense and indemnification of the triad entities in the Singh Action.

### FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

44. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "43" of the complaint as if fully set forth herein at length.

45. The Triad parties qualify as additional insureds under the Zurich Policy.

46. Plaintiff in the Singh Action seeks recovery for bodily injury caused, in whole or in part, by ZDG's acts or omissions in the performance of ongoing operations for the Triad parties.

47. Plaintiff's alleged injuries in the Singh Action were not caused, in whole or in part, by the Triad parties' negligence.

48. Pursuant to the Zurich Policy, Zurich has a duty to defend and indemnify the Triad parties in the Singh Action for all risks that fall within the scope of the Zurich Policy.

49. The Singh Action falls within the scope of the Zurich Policy.

50. The Zurich Policy is primary and non-contributory insurance with respect to the Triad parties and the Colony Policy is excess to, and non-contributing with, the Zurich Policy.

51. The defense and indemnification of the Triad parties in the Singh Action was timely tendered to Zurich.

52. Plaintiff has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Zurich to fulfill its obligations to provide insurance coverage to them on a primary non-contributory basis, including, but not limited to, the costs of defending the Singh

Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against them in that action.

53. Because Zurich is liable for any and all damages incurred by virtue of Zurich's breach of contract, including its failure to honor its defense and indemnity obligations, judgment should be entered accordingly declaring that Zurich is required to provide primary, non-contributory coverage to the Triad parties for defense pertaining to the Singh Action.

54. Because Zurich is liable to plaintiff for any and all damages incurred by virtue of Zurich's breach of contract, including its failure to honor its defense and indemnity obligations, judgment should be entered accordingly declaring that Zurich is required to provide primary, non-contributory coverage to the Triad parties for indemnity pertaining to the Singh Action.

55. Because Zurich has breached its duty to defend, Plaintiff is entitled to prejudgment interest on the defense costs calculated from the date that Zurich should have begun making defense payments.

56. Plaintiff has no adequate remedy of law.

### SECOND CAUSE OF ACTION
### (Declaratory Judgment)

57. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "56" of the complaint as if fully set forth herein at length.

58. Plaintiff has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Zurich's to fulfill its obligations to provide insurance coverage to the Triad parties on a primary non-contributory basis, including, but not limited to, the costs of defending the Singh Action, and incurring further expense in settling that action or satisfying a judgment that may be obtained against the Triad parties in that action.

59. Plaintiff is entitled to a declaration that Zurich has a duty to reimburse Plaintiff for defense costs incurred in defending the Singh Action, together with prejudgment interest on the defense costs calculated from the date that Zurich should have begun making defense payments.

**WHEREFORE**, plaintiffs demand judgment as follows:

a. A declaration that the Zurich Policy affords primary coverage for the Triad parties for the claims asserted against them in the Singh Action, and that Zurich is therefore obligated to fully insure, defend and indemnify the Triad parties in the Singh Action;

b. A declaration that the Colony Policy is excess over the Zurich Policy and does not contribute to the cost of defense or the indemnification of the Triad parties;

c. A declaration that Zurich is obligated to reimburse Colony for all of the defense expenses (including attorney's fees) incurred on behalf of the Triad parties in defending the Singh Action, with interest pursuant;

d. A declaration that Zurich owes a duty to defend the Triad parties in the Zurich Action;

e. A declaration that Zurich owes a duty to indemnify the Triad parties in the Zurich Action; and

f. Such other relief as the Court deems proper, together with reasonable attorney's fees, costs and disbursements in this action.

Dated: Hawthorne, New York
October 7, 2022

        **TRAUB LIEBERMAN STRAUS
        & SHREWSBERRY LLP**
        *Attorneys for Plaintiff*

      By:  */s/ Jonathan Harwood*
        Jonathan Harwood
        Mid-Westchester Executive Park
        Seven Skyline Drive
        Hawthorne, New York 10532
        (914) 347-2600